IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| NANCY KINDER, individually and on behalf of all others similarly situated. | Case No. 2:11–cv–10440–DPH–PJK |
| Plaintiff, | Hon. Denise Page Hood |
| UNITED BANCORP, INC., dba United Bank and Trust, | **Oral Argument Requested** |
| Defendant. | |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION
TO MOTION FOR CLASS CERTIFICATION**

On September 23, 2011, Plaintiff moved the Court for an order certifying the class of consumers who used Defendant's ATMs and were charged a fee for doing so during a time when Defendant had not posted fee notices "on or at" its ATMs as required by the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693 *et seq.*, and Regulation E of 12 C.F.R. 205 *et seq*. Defendant opposes class certification on the grounds that (1) it is not possible to identify class members individually, (2) response rates in EFTA fee notice class actions are very low, (3) class members will have to testify that their accounts are consumer accounts, and (4) class treatment is not superior to individual actions because class members could recover more in individual actions. None of these arguments, to the extent they are even relevant, provide a basis for denying class certification.

Defendant makes no argument that Plaintiff has failed to satisfy the four requirements of Rule 23(a) of numerosity, commonality, typicality, and adequacy of representation. Nor does Defendant contest that Plaintiff has satisfied the predominance requirement of Rule 23(b)(3). While not saying so explicitly, Defendant's arguments appear to concern only Rule 23(b)(3)'s requirement "that a class action is superior to the available methods for the fair and efficient adjudication of the controversy."

1.      **Determining Class Membership**

Defendant's argument that the members of the proposed class would be too difficult to identify is without any merit.  It will be a trivial exercise to determine whether any particular claimant is a member of the class.  If the claimant's ATM number matches the records of Defendant, the claimant is a member of the class.

Defendant's argument about identifying class members confuses the issue of definiteness - the ability to determine whether a particular individual is a member of the class - with the issue of notice.  The cases Defendant cites turn on an issue not relevant here - the difficulty of determining whether a claimant, even if identified, is a member of the class or not.  For example, in *Sanneman v. Chrysler Corp.*, 191 F.R.D. 441 (E.D. Pa. 2000), the court stated that "[d]etermining a membership in the class would essentially require a mini-hearing on the merits of each class member's case, which in itself renders a class action inappropriate for addressing the claims at issue."  191 F.R.D. at 446.  This difficulty is not at all a factor here.  Whether an claimant conducted an ATM transaction during the class period and was charged therefor is immediately determinable.

Defendant's argument about notice is similarly misplaced.  Plaintiff agrees with Defendant that individual notice to class members would be difficult and expensive.  That is often the case in class actions.  Publication notice has been used and approved in class actions for decades.  This Court recently approved publication notice in an ATM fee notice case.  *See Markoff v. Independent Bank*, 2:09-cv-12639-DPH-MKM (E.D. Mich. 5/25/2011).  *See also Harrison v. First Independence Bank*, Case No.  5:09-cv-12684-JCO-MAR (EDMI 9/2/2011) (granting final approval to class settlement following publication notice); *Kinder v. ELGA Credit Union,* Case No. 5:10-cv-11549-JCO-RSW (E.D. Mich. 8/24/2011) (same); *Harrison v. Flagstar Bank*, Case No. 5:09-cv-12687-JCO-DAS (E.D. Mich. 8/7/2011) (same).

In fact, the very case relied on by Defendant, *Mowry v. JPMorganChase Bank N.A.*, 2007 WL 1772142 (N.D. Ill. 2007), resulted in an approved class settlement in which publication

notice was used. *Mowry* was appealed to the Seventh Circuit. While on appeal, *Mowry* was settled along with another case against JPMorganChase Bank, and the class settlement was submitted for approval to the District Court for the Eastern District of Wisconsin. *See McKinnie v. JP Morgan Chase Bank, N.A.*, 678 F.Supp. 2d 806, 809-810 (E.D. Wisc. 2009). The court approved a settlement class consisting of all consumers who were charged for using a JPMorganChase ATM machine anywhere in the country during a 13 month period. JPMorganChase spent $395,000 for class notification and administration. In paragraph five of its order preliminarily approving the settlement (attached to this Reply as Exhibit A), the court held as follows about class notice (which was entirely by publication): "This Class Notice fully complies with the requirements of Rule 23 and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit." The present case is no different, except that class notice need only be provided in the area serviced by Defendant and will not cost anything like what JPMorganChase paid.

        2.       **Response Rates in ATM Fee Class Cases Are Irrelevant**

Defendant argues that low response rates in ATM fee class actions are grounds for denying class certification. Defendant does not explain how response rates are even relevant. Apparently Defendant believes that it is better to compensate no one than less than some percentage of eligible claimants Defendant deems to be the minimum. There is no legal basis whatsoever for such a nonsensical argument. The only relevant legal issue is the adequacy of notice, and, as discussed above, this Court and many others have found publication notice sufficient.

Defendant cites *Murray v GMAC Mortg. Corp.*, 434 F.3d 948 (7th Cir. 2006), in which the court criticized a settlement that provided $2,000 to the plaintiff, $5,500 to charity having no relation to the case, $78,000 in legal fees, and nothing to class members. Defendant does not tell us what *Murray* has to do with class certification. Plaintiff promises Defendant that there will

3

never be a settlement in this case that does not provide class members with a significant amount of statutory damages.

Defendant also cites *Nadeau v. Wells Fargo Bank, Nat'l Ass'n*, CIV.10-4356 PAM/JSM, 2011 WL 1633131 (D. Minn. Apr. 26, 2011), in which the court mused about why other consumers had not sued the defendant in that case. The court's speculated that ATM users did not considered themselves injured. One might equally speculate, with more justification, that consumers despise ATM fees but are unaware that their rights have been violated, and thus depend on knowledgeable plaintiffs to vindicate those rights.

With all due respect to the *Nadeau* court, denying, as the court did, class certification on the basis of the alleged redundancy of the EFTA notice requirements takes the court into policy waters in which the court has no business wading. Congress makes those kinds of assessments, not courts. As the Seventh Circuit said in *Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 953-54 (7th Cir. 2006), in reversing a district court's denial of class certification under a similar consumer protection statute: "[I]t is not appropriate to use procedural devices to undermine laws of which a judge disapproves. [citations omitted]. Maybe suits such as this will lead Congress to amend the Fair Credit Reporting Act; maybe not. While a statute remains on the books, however, it must be enforced rather than subverted."

### 3. The Status of Class Member's Accounts as Consumer Accounts is Easily Determined

Defendant argues that class members making claims will have to "testify" that their accounts are consumer, not business, accounts. Defendant does not tell us why this is relevant to class certification. Common questions of law and fact need only predominate; they do not have to be the exclusive issues in the case. Moreover, how difficult will it be to make this determination? All one needs to do is ask claimants a simple question. This is not a question of mini-trials.

    **4.**    **Class Treatment Is Superior to Individual Actions**

Defendant's further argument that class members would be better off suing individually is nonsense. The vast majority, if not all, of the members of the class haven't the slightest clue that their rights have been violated and will never sue. They would hardly be able to find a lawyer to take their case anyway, given the maximum recovery of $1,000. Accepting Defendant's argument would mean an EFTA fee notice class action could never be brought, and that is clearly not what Congress intended. "Only when all or almost all of the claims are likely to be large enough to justify individual litigation is it wise to reject class treatment altogether." *Murray v. GMAC Mortg. Corp.*, 434 F.3d at 953.

## CONCLUSION

Because the requirements of Rule 23 are amply met in this case, Plaintiff respectfully moves this Court for an order certifying the class as defined in the Complaint, with a class period of the year preceding the date the complaint was filed.

Dated: November 1, 2011                        Respectfully submitted,

Geoffrey Bestor, Esq.

      /s/
_____
Geoffrey Bestor
2701 Calvert Street, NW #1121
Washington, D.C. 20008
Tel.: (240) 463-8503
Fax: (866) 515-4989
gbesq@bestorlaw.com

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of November, 2011, I served the foregoing Plaintiff's Supplemental Response to Defendant's First Set of Interrogatories and Document Requests by email on counsel for Defendant designated in the Court's ECF system.

      /s/
_____
Geoffrey Bestor