**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

NANCY KINDER, individually and on
behalf of all others similarly situated,

        Plaintiff,

v.                                                                                                        Case No. 11-CV-10440
                                                                   Honorable Denise Page Hood
UNITED BANCORP INC., d.b.a.
UNITED BANK AND TRUST,

        Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS, DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT, AND GRANTING PLAINTIFF'S MOTION
TO CERTIFY CLASS**

**I.   INTRODUCTION**

Plaintiff alleges that that Defendant violated the Electronic Funds Transfer Act (EFTA), 15 U.S.C. §§ 1693 *et seq.*, by failing to post notice of a $3.00 fee on or at its ATMs. She seeks statutory damages, costs, and fees on behalf of herself and a proposed class. Now before the Court is Plaintiff's Motion to Certify Class and Motion for Summary Judgment as to Liability, both filed on September 23, 2011. Also before the Court is Defendant's Motion to Dismiss, filed on October 14, 2011. For the reasons stated below, Plaintiff's Motion to Certify Class is GRANTED and Motion for Summary Judgment is DENIED. Defendant's Motion to Dismiss is DENIED.

**II.   BACKGROUND**

The facts underlying this action are not in dispute. In June 2009, Defendant United Bank and Trust (UBT) decided that it would increase the fee it charged to noncustomers for automatic

teller machine (ATM) transactions from $2.50 to $3.00. Kathleen McCrate is the Senior Vice President of Risk Management for UBT. McCrate consulted the Federal Deposit Insurance Corporation's (FDIC) compliance manual and determined that two forms of notice for the changed ATM fee were not required. She also spoke with a FDIC compliance examiner who agreed that two forms of notice were not required.

At a meeting in September 2009, after learning that the FDIC had changed its compliance manual, McCrate directed UBT officers to place new fee stickers on the ATMs. These officers included Dawn Kangas, Facilities Officer and head of Operations, and Annette Kurowicki, head of the Accounting Group. The proposed fee notice was circulated by email in late September 2009. Kangas circulated the notice for final changes.

On or about July 21, 2010, Plaintiff Nancy Kinder made several cash withdrawals from seven ATMs operated by UBT. For each transaction, Kinder was assessed a $3.00 fee because she was not a UBT customer. Before completing the withdrawal, the ATM displayed a screen informing Kinder of the $3.00 fee. There was no notice of the $3.00 fee on or at any of the ATMs.

On July 22, 2010, Robert Chapman, UBT's CEO, forwarded McCrate a bulletin from the Michigan Bankers Association regarding lawsuits against banks that failed to provide notice. He asked her to confirm that UBT ATMs had an exterior fee notice. There were no fee notices on the ATM exteriors. On July 23, 2010, UBT placed temporary notices on the exterior of all of its ATMs.

**III. ANALYSIS**

"[T]he Electronic Fund Transfer Act . . . establishes the basic rights, liabilities, and responsibilities of consumers who use electronic fund transfer services and of financial

institutions that offer these services. The primary objective of the act . . . is the protection of individual consumers engaging in electronic fund transfers." 12 C.F.R. § 205.1(b); *see also* 15 U.S.C. § 1693(b) (the purpose of the EFTA is "to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund and remittance transfer systems. The primary objective of the [EFTA] . . . is the provision of individual consumer rights."). The EFTA requires ATM operators to post notice of the imposition of a fee "in a prominent and conspicuous location on or at the [ATM]", and "on the screen of the [ATM], or on a paper notice issued from such machine, after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction . . . ." 15 U.S.C. § 1693b(d)(3)(B); 15 C.F.R. § 205.16(c). The ATM operator may not impose a fee unless the consumer receives the above notice and "elects to continue in the manner necessary to effect the transaction after receiving such notice." 15 U.S.C. § 1693b(d)(3)(C); 12 C.F.R. § 205.16(e).

Failure to comply with the notice requirements makes the financial institution liable to the consumer in an amount equal to actual damages, statutory damages, costs, and reasonable attorney fees. 15 U.S.C. § 1693m(a). In a case brought by an individual consumer, the financial institution is liable for statutory damages in "an amount not less than $100 nor greater than $1,000." 15 U.S.C. § 1693m(a)(2)(A). In a class action, there is no minimum statutory damages for each class member and the total statutory damages "arising out of the same failure to comply by the same person shall not be more than the lesser of $ 500,000 or 1 per centum of the net worth of the defendant . . . ." 15 U.S.C. § 1693m(a)(2)(B).

  A.  **Motion to Dismiss**

UBT asks that the Court dismiss this action for lack of standing because Kinder voluntarily incurred the $3.00 fee when she completed the transaction despite the on screen

notice of the fee to non-UBT customers.  UBT argues that Kinder does not satisfy the injury-in-fact requirement for federal standing because she has not suffered any actual damages.  Although UBT has not provided the appropriate standard of review, the Court will proceed under Federal Rule of Civil Procedure 12(b)(1).  A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction places the burden on the plaintiff to prove that jurisdiction is proper.  *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).   If the Court finds that it lacks subject matter jurisdiction, it must dismiss the case.  Fed. R. Civ. P. 12(h)(3).

      Standing is a threshold issue that the Court must consider before deciding any substantive issues.  *Planned Parenthood Assoc. v. Cincinnati*, 822 F.2d 1390, 1394 (6th Cir. 1987).  Federal courts are limited by Article III of the Constitution to "cases or controversies."  Standing is present when: (1) plaintiff has suffered an "injury in fact, which is both concrete and particularized, and actual or imminent;" (2) there is a causal connection between the injury and complained of activity such that it is fairly traceable to the defendant's actions; and (3) it is likely, not speculative, that the injury will be redressed by a favorable decision.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992).  The plaintiff must prove all three elements with specificity.  *Coyne ex rel. Ohio v. American Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999).

      It is apparent that Kinder has standing.  "Congress . . . has the power to create new legal rights, and it generally has the authority to create a right of action whose only injury-in-fact involves the violation of that statutory right."  *Carter v. Welles-Bowen Realty, Inc*., 553 F.3d 979, 988 (6th Cir. 2009); *see also Beaudry v. TeleCheck Servs.,* 579 F.3d 702, 705–07 (6th Cir. 2009).  The statute requires that financial institutions like UBT provide two forms of fee notice: on or at the machine, and on the ATM screen or by paper.  A plain reading of the EFTA makes it

clear that Congress intended that the failure to provide notice will allow consumers to recover actual damages, *if any*, statutory damages, costs, and fees. 15 U.S.C. § 1693m(a). The statute allows recovery even when there are no actual damages. "Regardless of whether . . . [Kinder was] aware of the ATM fee, . . . [she was] entitled to notice of the fee *in the form prescribed by Congress and the Board*." *In re Regions Bank ATM Fee Notice Litigation*, No. 11-MD-2202-KS-MTP, 2011 U.S. Dist. LEXIS 103485, *13 (S.D. Miss. Sept. 12, 2011) (emphasis in original). UBT's failure to provide the statutorily required notice gives Kinder the right to seek redress despite not suffering any actual damages. Her statutory right to notice and UBT's failure to provide such notice is an injury that is sufficient for Article III standing.

A majority of district courts, including this Court, have determined that a violation of the EFTA confers standing. *Marbury v. Hometown Bank*, No. 10-cv-3936, 2012 U.S. Dist. LEXIS 124375 (Aug. 30, 2012) ("Even though Plaintiff received notice of the fee in one form—on the ATM screen—Plaintiff's alleged failure to receive notice in both statutorily mandated forms is an injury."); *Zabienski v. ONB Bank and Trust*, No. 12-CV-0130-CVE-TLW, 2012 U.S. Dist. LEXIS 116917 (N.D. Ok. Aug. 20, 2012) ("the plain language of the EFTA authorizes a plaintiff's recovery of statutory damages if successful on an EFTA claim . . . even in the absence of actual damages."); *Campbell v. Hope Community Credit Union*, No. 10-2649-STA, 2012 U.S. Dist. LEXIS 15530 (W.D. Tenn. Feb. 8, 2012) ("Plaintiff has standing by virtue of the alleged invasion of her statutory right to notice of the ATM fee pursuant to EFTA."); *Kinder v. Dearborn Federal Savings Bank*, No. 10-12570, 2011 U.S. Dist. LEXIS 145992 (E.D. Mich. Dec. 20, 2011) ("the statute requires notice in two forms: on the machine and on the screen. Plaintiff's alleged failure to receive notice in the form required by the statute is an injury, notwithstanding the fact that she received notice in another form."); *In re Regions Bank ATM*

*Fee Notice Litigation*, 2011 U.S. Dist. LEXIS 103485 ("Plaintiffs allege that they did not receive notice by means of a sign affixed to the exterior of the machine - notice to which they were statutorily entitled. That is an injury."). The Court finds that Kinder has sufficiently alleged Article III standing. UBT's motion to dismiss is denied.

### B. Motion for Summary Judgment

Kinder asks the Court to grant summary judgment in her favor on the issue of liability. Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall be granted if the movant shows there are no genuine disputes as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). The movant has the burden of showing that summary judgment is appropriate. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Further, the court must consider evidence in the light most favorable to the nonmoving party. *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003). Summary judgment will "be granted against a party, who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corporation v. Catrett*, 477 U.S. 317, 391 (1986). A material fact is genuine, and therefore the case is not appropriate for summary judgment, if a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby*, 477 U.S. 248 (1986).

UBT argues that it is not required to post two forms of ATM fee notice to noncustomers. When Congress expressly delegates "authority to the agency to elucidate a specific provision of the statute by regulation[,] [the agency's] legislative regulations are given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute." *Chevron, U.S.A., Inc. v. Nat'l Res. Def. Council, Inc.,* 467 U.S. 837, 834–844 (1984). Congress instructed the Board of Governors of the Federal Reserve System to enact regulations to ensure "the provision of

individual consumer rights." 15 U.S.C. §§ 1693, 1693b. Within this mandate, Congress instructed the Board on proper fee notices to noncustomers. 15 U.S.C. § 1693b(d)(3)(B). The Federal Reserve, in response, mandated that notice of fee must be prominently displayed on or at the ATM *and* on the screen or paper before the transaction is completed. 12 C.F.R. § 205.16c. UBT fails to show how the regulations are "arbitrary, capricious or manifestly contrary to the statute" beyond its urging that the Court simply ignore them. The Court will not. The EFTA requires UBT to provide both forms of notice before imposing a fee to noncustomers.

UBT next argues that there is a genuine issue of material fact as to whether it is entitled to the bona fide error defense. The bona fide error defense applies if the financial institution is able to "show[] by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1963m(c). Accordingly, UBT must show that it maintains reasonable procedures and that its violation of the EFTA was not intentional.

There is a question of fact as to whether UBT maintained reasonable procedures. UBT contends that it was not unreasonable for it to remove the exterior fee notices in June 2009 because it relied on the FDIC Compliance Handbook. UBT is regulated by the FDIC. It asserts that it was not interpreting the law but rather relying on direction from its federal regulator. UBT consulted the FDIC to confirm that its interpretation of the law was correct. "[I]gnorance of the law will not excuse any person, either civilly or criminally." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 1611–1612 (2010) (citing *Barlow v. United States*, 32 U.S. 404, 411 (1833)). "[A]n act may be 'intentional' for purposes of civil liability, even if the actor lacked actual knowledge that her conduct violated the law." *Id.* However, UBT's removal of the notices when the fee changed does not end the inquiry of reasonableness. As soon as the

error was discovered, McCrate called a meeting and directed Kangas to put the notice back on the exterior of the ATMs. Whether the steps taken after the mistake was discovered and McCrate's failure to not follow up with Kangas to ensure that the notices were replaced is a question of fact that goes to the reasonableness of UBT's procedures. Kinder's motion for summary judgment is denied.

### C. Motion to Certify Class

The district court has broad discretion to certify a class within the framework of Federal Rule of Civil Procedure 23. *Gulf Oil C. v. Bernard*, 452 U.S. 89, 100 (1981). The district court must "conduct a 'rigorous analysis' into whether the prerequisites of Rule 23 are met before certifying a class." *In re American Medical Sys., Inc*., 75 F.3d 1069, 1078–1079 (6th Cir. 1996) (quoting *General Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982)). The act of designating a class in the pleadings does not make the class maintainable as a class action. *Cash v. Swifton Land Corp*., 434 F.2d 569, 571 (6th Cir. 1970). The district court must make an adequate statement of the basic facts to show that each requirement of Rule 23 is met. *In re American*, 75 F.3d at 1079. The party seeking class certification bears the burden of proof as to each requirement. *Id*. All four prerequisites of Rule 23(a) must be met. *Id*.

> Rule 23(a) provides that a class action may be maintained if:
>
> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). If Rule 23(a) is satisfied, the party seeking certification must also show that the proposed class falls within one of the categories described by Rule 23(b). Here, Kinder seeks class certification under Rule 23(b)(3), which allows class certification if "the court finds

that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

The Court finds that Kinder has satisfied all the requirements of Rule 23(a). The class involves transactions at 20 ATMS. This could potentially involve thousands of individuals. There are common questions of law and fact regarding whether UBT violated the EFTA by failing to provide notice on or at its ATMs. Kinder has suffered the identical injury and has the same interest as members of the proposed class and appears to be an adequate representative for the interests of the class. UBT does not contest that Kinder's proposed class has met all the requirements of Rule 23(a). Rather UBT contends that the class is not sufficiently definite and is not a superior method to adjudicate this controversy. UBT advances several reasons to support its argument that a class action is not a superior tool.

UBT contends that the class is unmanageable because the Court would be unable to determine the identity of class members and notifying the class would be difficult. It notes that UBT's records only include the personal account number (PAN) for each transaction which identifies the financial institution of which the individual is a member. These financial institutions would be prevented from disclosing their customer's identifying information based on the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801–09. The difficulties that UBT complains of can be easily addressed. The class can be notified by public notice as has been done in other class actions of this nature. *See Kinder v. Dearborn Federal Savings Bank*, No. 12570, 2011 U.S. Dist. LEXIS 145992, *9–10 (E.D. Mich. Dec. 20, 2011). Notice has been and will always be an issue in class actions. The Court's concern is only that "class members [are provided] the best notice that is practicable under the circumstances, including notice to all members who can

be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Notice by publication would meet these criteria.

UBT argues that it is impossible to know whether the EFTA would apply to the non-UBT customers because testimony would be required to determine whether the account was primarily for personal, family, or household purposes. As with UBT's previous argument, this concern can easily be addressed when class members are identified by asking them to disclose the primary purpose of their account. This argument does not weigh against class certification.

UBT's remaining arguments are even less persuasive. UBT contends that Kinder is using the class action tool to inappropriately benefit herself because few people will file a claim. It further argues that individual litigation would be a superior method because plaintiffs would be able to recover greater damages. The number of people that respond to the notice is not relevant to whether the class is appropriate. Individual recovery is limited to $1000, making it unlikely that prospective plaintiffs would take on the expense of counsel. Furthermore, "'it is even more unlikely that class members will file individual actions if the proposed class is not certified,' given that prospective plaintiffs are unlikely to be aware of their rights." *Kinder*, 2011 U.S. Dist. LEXIS 145992 at *11 (quoting *Burns v. First American Bank*, 2006 U.S. Dist. LEXIS 92159, *11 (N.D. Ill. Dec. 19, 2006)). Under these circumstances, a class action is the superior tool for vindicating the prospective class's statutory rights.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Certify Class [Docket No. 14, filed September 23, 2011] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment as to Liability [Docket No. 13, filed September 23, 2011] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss [Docket No. 18, filed October 14, 2011] is **DENIED**.

**IT IS FURTHER ORDERED** that Joint Motion for Order Extending Deadlines for Close of Discovery and Dispositive Motions [Docket No. 12, filed September 20, 2011] is deemed **MOOT**.

**IT IS SO ORDERED**.

        S/Denise Page Hood
        Denise Page Hood
        United States District Judge

Dated:  September 28, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 28, 2012, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager